UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 20-20889-CIV-MARTINEZ-OTAZO-REYES

WILLIAM GOLDEN and
GOLDEN MANUFACTURING, INC.,

      Plaintiffs,

vs.

FARO BOAT LIFTS, INC.,

      Defendant.
_____/

## ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Monday, April 12, 2021 at 9:30 a.m.**, before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on **April 8, 2021 at 1:30 p.m.** at the same location.

**IT IS ORDERED AND ADJUDGED** as follows:

1. No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2. Every motion filed in this case shall be accompanied by **one proposed original order <u>granting</u>** the motion. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface.

### Pretrial Stipulations and Jury Instructions

3. Counsel and all *pro se* litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, <u>not to exceed one short paragraph per litigant claim</u>, to be read as an introduction for *voir dire* examination. The Court will not accept unilateral pretrial stipulations and will *sua sponte*

strike any such submissions. Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances.

    4.    The parties SHALL submit joint proposed jury instructions and/or proposed findings of fact and conclusions of law.

    **a. Jury Trials**: For cases or claims that will be heard by a jury, the parties shall file a **SINGLE JOINT** set of proposed jury instructions and a joint proposed verdict form in accordance with the deadline set forth below. In preparing proposed jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be *italicized*. Instructions and questions proposed only by the defendant(s) to which the plaintiff(s) object shall be **bold-faced**. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the legal basis for the objection(s) with citations to authority. A **Word version copy** of the joint proposed jury instructions and verdict form shall be e-mailed to martinez@flsd.uscourts.gov at the time of filing. **Failure to cooperate in good faith and/or to submit proposed jury instructions as required by this order will result in appropriate sanctions being imposed upon the offending party, including dismissal of claims or striking of defenses.**

    **b. Bench Trials**: For cases or claims that will not be heard by a jury, each party shall file proposed findings of fact and conclusions of law in accordance with the deadline set forth below. Proposed findings of fact shall be supported by citations to the documentary evidence, if applicable. Conclusions of law shall be supported by citations of authority. Copies of each party's proposed findings of fact and conclusions of law in **Word format** shall be e-mailed to martinez@flsd.uscourts.gov at the time of filing.

    5.    **Exhibits**: All exhibits must be pre-marked. Plaintiff's exhibits shall be marked numerically. Defendant's exhibits shall be marked alphabetically. If there are many exhibits, the parties may file a motion to designate all exhibits numerically (e.g., Plaintiff's exhibits 1–99 and Defendant's exhibits 100–200). A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial. The parties shall submit the exhibit list on Form AO 187, which is available from the Clerk's office.

**Discovery**

6. Discovery in this case shall be conducted in accordance with the Federal Rules of Civil Procedure and Southern District of Florida Local Rules, except the deadlines under Local Rules 16.1(d), (e), (h), (j), (k), and (l) may be modified by further order of the Court.

7. Pursuant to 28 U.S.C. § 636, all discovery motions and all motions that relate directly to these motions, such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations, are referred to **United States Magistrate Judge Alicia M. Otazo-Reyes** to take all appropriate action. This Order does not refer any motion that requests a continuance or extension of a deadline set by this Court. **The parties are responsible for indicating the name of the Magistrate Judge on all motions and related papers referred by this order in the case number caption and to comply with the Discovery Procedure for Judge Otazo-Reyes appended to this order as Attachment A.**

8. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, hearing a motion, or trial. Stipulations that would so interfere may be made only with the Court's approval.

9. The parties shall be under a continuing duty to ensure the Clerk of the Court is provided with the up-to-date service information.

10. In order to facilitate the accurate transcription of the trial proceeding, the parties shall provide **the Court Reporter, Dawn Savino (Whitmarsh), at 400 N. Miami Ave., Suite 10-1, Miami, Florida, 33128, Dawn_Whitmarsh@flsd.uscourts.gov** with a copy or an email of: (a) the witness and exhibit lists, (b) a designation of unique proper nouns/names which may be used at trial, and (c) a list of the names of all attorneys who will participate in the trial, to be received no later than THREE (3) DAYS before calendar call.

11. If the case is settled, the parties are directed to immediately inform the Court at (305) 523-5590 and file a notice of settlement. If the parties fail to notify the Court that they have settled before the Court requests a jury pool, the parties shall be liable for the costs incurred in summoning a jury.

12. **Mediation Required**: In accordance with the deadline set forth below, the parties shall select a mediator certified under Local Rule 16.2(b) and schedule a time, date, and place for mediation. It is not necessary for the parties to file a motion requesting the Court to enter an order scheduling the mediation for

this specific time, date, and place. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind-rotation basis. Counsel and all *pro se* litigants shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties shall complete mediation in accordance with the deadline set forth below. The parties shall notify the Court of the results of the mediation (settled, impasse or adjourned to continue discussions) within FIVE (5) DAYS of the conclusion of the mediation.

## SCHEDULING ORDER

The following timetable shall govern the pretrial procedures in this case. This schedule shall not be modified absent compelling circumstances. **All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable**. Failure to include such a statement may be grounds for denial of the motion.

| Date | Event |
| --- | --- |
| 8-17-2020 | Motions to join additional parties, amend the complaint, and class certification. |
| 9-14-2020 | Parties shall exchange expert witness summaries and reports. |
| 9-24-2020 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 10-14-2020 | Parties exchange rebuttal expert witness summaries and reports.<br><br>Note: These provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other health providers. |
| 12-3-2020 | All discovery, including expert discovery, shall be completed. |
| 12-14-2020 | A mediator must be selected. |
| 1-4-2021 | All *Daubert*, summary judgment, and other dispositive motions must be filed. Each party is limited to filing a single *Daubert* motion of no more than 20 pages. Summary judgment motions, in addition to containing a Statement of Material Facts pursuant to Local Rule 56.1(a), shall be accompanied by a separately-filed Joint Statement of Undisputed Fact, which must include all relevant facts about which there is no material dispute. Each undisputed fact shall be individually numbered and separated by paragraphs. This filing is limited to 10 pages and does not otherwise change the parties' obligation to comply |

        with Local Rule 56.1.

        Note: If there are any unresolved discovery disputes pending fifteen days prior to this date, the moving party shall immediately advise the Court of all such unresolved disputes together with their status.

| | |
|---|---|
| 2-11-2021 | Mediation shall be completed. |
| 2-26-2021 | All pretrial motions and memoranda of law must be filed. Each party is limited to filing a single motion *in limine*, which may not, without leave of Court, exceed the 20-page limit allowed by the Rules. |
| 3-15-2021 | Joint Pretrial Stipulation must be filed. |
| 4-5-2021 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| 4-8-2021 | Proposed *voir dire* questions must be filed. |

**Failure to comply with this or any order of this Court, the Local Rules, or any other applicable rule may result in sanctions, including dismissal without prejudice or the entry of a default, without further notice.**

It is the duty of all counsel and *pro se* litigants to enforce the timetable set forth here to ensure an expeditious resolution of this cause.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of June, 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record

**[Attachment A]**

## DISCOVERY PROCEDURE FOR
## MAGISTRATE JUDGE ALICIA M. OTAZO-REYES

The following discovery procedures apply to all civil cases assigned to United States District Judge Jose E. Martinez.

If parties are unable to resolve their discovery disputes without Court intervention, Magistrate Judge Alicia M. Otazo-Reyes will set the matter for hearing without the need for filing a motion.

The moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief by contacting Magistrate Judge Otazo-Reyes' Chambers and requesting a hearing. Magistrate Judge Otazo-Reyes' telephone number is (305) 523-5740 and her Chambers are located at 301 N. Miami Avenue, 10th Floor, Miami, Florida.

Once a hearing date is obtained, the movant shall provide notice to all relevant parties by filing a Notice of Hearing. The Notice of Hearing shall briefly specify the substance of the discovery matter to be heard and include a certification that the parties have complied with the pre-filing conference required by Southern District of Florida Local Rule 7.1(a)(3).

No written discovery motions, including motions to compel and motions for protective order, shall be filed unless requested by Magistrate Judge Otazo-Reyes. It is the intent of this procedure to minimize the necessity of motions.

The Court expects all parties to act courteously and professionally in the resolution of their discovery disputes and to confer in an attempt to resolve the discovery issue prior to requesting the hearing. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is not being provided in good faith.